JENNIE M. THOMPSON AND ANOTHER, AS EXECUTORS OF THE LAST WILL AND TESTAMENT OF JOHN B. THOMPSON APPELLANTS, v. EDWARD H. HAWKE, RESPONDENT, IMPLEADED WITH MAX DANZIGER.

*Action to compel a party to present a claim to executors — remedy of the executors where a testator has deposited collaterals with a surety who has signed his bond, conditioned to pay any sum owing to an alleged creditor of the testator, and such creditor refuses to present his claim.*

The defendant in an action, as a condition of his being allowed to substitute another attorney to act on his behalf therein, was required to give a bond with a surety conditioned to pay one Hawke, the attorney who had formerly acted for him in the action, such sum as might be recovered in any action which might be brought by Hawke against him for professional services in such action.

The required bond was given and certain railroad bonds were given to the surety who executed it, to hold as an indemnity against his liability thereunder, and thereafter the plaintiff died, and some two years thereafter, and nearly three years after the giving of the bond, his executors requested Hawke to present his claim against their testator's estate. Thereafter they commenced to advertise for the presentation of claims existing against the estate and, Hawke having failed to present a claim, the executors brought an action to require him to do so within three months from the entry of the decree therein, or to be debarred from bringing a suit on the bond in case of his failure to do so, alleging as a reason for so doing that unless Hawke should present his claim, or bring an action to recover the amount thereof, the executors would be unable to distribute the assets of the estate in accordance with the will, or to obtain from the surety upon their

testator's bond the railroad bonds which had been pledged and delivered to him as an indemnity against the liability thereby assumed by him.

*Held,* that a demurrer, interposed to the complaint upon the ground that it did not state a cause of action, was properly sustained.

APPEAL by the plaintiffs from a judgment entered in the office of the clerk of the county of New York July 31, 1889, sustaining a demurrer interposed to the complaint, on the ground, among others, that it did not state a cause of action.

*Lewis Sanders,* for the appellants.

*Lawton & New,* for the respondent.

VAN BRUNT, P. J.:

In April, 1886, John B. Thompson, plaintiffs' testator, as a condition for substituting another attorney in place of his attorney, the present defendant, Edward H. Hawke, in a suit then pending in the Court of Common Pleas, brought by Richard J. Capron and another, was required to give a bond with a real estate surety in the penal sum of $10,000 to well and truly pay said Hawke, his heirs or assigns, such sum of money as said Hawke would recover in any action which might be brought by him against the said Thompson, for professional services and disbursements in the suit of Capron and Merriam against Thompson. Thompson gave the bond, with the defendant Danziger as his surety, on the 21st of May, 1886. To secure Danziger, Thompson pledged with him $10,000 in the bonds of the Columbus and Indianapolis Central Railroad Company. Thompson died on the 12th of November, 1886, and plaintiffs were appointed his executors. In March, 1889, two years and a half after Thompson's death, and nearly three after giving the bond, plaintiffs requested the defendant Hawke to present his claim against their testator's estate, and, on the 26th of March, 1889, plaintiffs commenced advertising the usual executor's notice for the presentation of claims, and, on the eleventh of April they commenced this action to require the defendant Hawke, within three months from the entry of the decree herein, to present his claim for services in the Capron and Merriam case, or to be debarred from bringing suit on the bond, because, as plaintiffs allege, unless Hawke should present his claim or bring an action to recover the amount thereof, they will be unable to distribute the assets of the

estate in accordance with the will, or to obtain from said Danziger the railway bonds pledged to him as security.

It seems to be conceded by the learned counsel for the appellant that, Thompson living, this action could not be maintained, but Thompson dead, it is claimed that equities arise in the plaintiffs' favor out of their trust relation to the property of the deceased and the statute governing claims against executors. But it is difficult to see how the court can step in and add additional or other provisions to the contract between Thompson and Hawke, simply because Thompson has died. Simply because Thompson indemnified his surety upon the bond, in no way affected the right of Hawke under his contract. He was not a party to such indemnification and had nothing to do with it. That was a private arrangement between Thompson and his surety.

The statutes have fixed Hawke's right under his contract, and certainly this court cannot intervene and impose new conditions which the court, under whose ruling the contract was given, has not imposed. Thompson having accepted a favor, upon the condition of making this contract, simply because he has died his estate cannot claim exemption from the full liability assumed by him.

The judgment appealed from should be affirmed, with costs.

BRADY and DANIELS, JJ., concurred.

Judgment affirmed, with costs.